In the Matter of GUISSEPPE TUDISCO et al., Petitioners. CONOVER WINE & LIQUOR CORP., Respondent.*

Supreme Court, Special Term, Kings County, October 15, 1946.

*Gaines & Gutterman* for petitioners.

*Herman Kreizvogel* for respondent.

HOOLEY, J. On this application to fix reasonable rent, there is presented to the court for signature an order purporting to fix such rent for commercial space of premises known as 216 Conover Street, Borough of Brooklyn. The proposed order is based upon a written stipulation presented therewith signed by the attorneys for the petitioners, the landlords, and the attorney for the respondent tenant, and also by the tenant itself by its president. The proceeding was instituted by petition and

* See, also, *Moncel Realty Corp.* v. *Whitestone Farms, Inc.*, 188 Misc. 431.— [REP.

notice of motion. The court cannot grant the proposed order notwithstanding the written consent of the parties.

The statute (L. 1945, ch. 3, as amd. by L. 1945, ch. 315 and L. 1946, ch. 272) relating to the regulation, control and stabilization of rental of premises for commercial purposes in cities having more than 1,000,000 inhabitants recites that unjust, unreasonable and oppressive leases and agreements for the payment of rent had been and were then being exacted. The legislation followed the report of a joint legislative committee which reported that as between landlords and tenants of commercial space in the situation existing " freedom of contract has become an illusory concept ". The remedy which the Legislature applied in the event that a rent higher than the emergency rent was sought was the arbitration or judicial determination of fair and reasonable rentals. Under the provisions of section 4 of the Act, the establishment of such a higher rental could be fixed either by the Supreme Court or by arbitration. The proposed order would place the Supreme Court in the position of fixing the reasonable rental for the premises at $75 per month. But in thus fixing the reasonable rent the statute which gives to the court the power to fix such rent has not been followed. Such rental may not be fixed by the court until the court has determined among other things the fair value of the property, the amount of the mortgage thereon, the cost of maintenance and operation and the amount of the real estate taxes in accordance with the formula set forth in section 4 of said Act. None of this information is before the court. The Legislature contemplated a real inquiry by the court in accordance with the procedure outlined in the statute and not a rubber-stamp *pro forma* approval of something agreed upon by the parties whose agreement after all may perhaps well represent an agreement where freedom to make it had become " an illusory concept ".

If the tenants herein used or occupied the premises on January 24, 1945, then the landlord and tenants herein may make a written agreement between themselves upon the conditions specified in the last paragraph of section 4 as aforesaid. But if they seek to have the court determine the reasonable rent then there must be a compliance with the requirements of section 4 as aforesaid.